## Laib, et al. v. Markham.

(Decided March 7, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Actions—Parties to—Pleading—Material Man's Lien—Agreement Not
to Assert.—Markham was a contractor to build a hospital, and
Meyer his sub-contractor. The latter purchased of appellant cer-
tain supplies, and Markham being indebted to Meyer in the sum
of $592.00, entered into a contract with appellant, it agreeing not
to assert a material man's lien, to hold subject to payment to ap-
pellant that amount of money due Meyer. In an action by ap-
pellant against Markham to compel the payment of the $592.00,
Held, That Meyer was not a necessary party and the court erred
in sustaining a demurrer to the petition. Under the agreement ap-
pellant was not required to look to Meyer, and he was not a nec-
essary party so far as appellant was concerned.

LAWRENCE S. LEOPOLD for appellants.

NATHAN KAHN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

George H. Laib & Company are dealers in plumbers'
supplies in the city of Louisville. Alfred Markham,
doing business as A. Markham & Company, had the
contract to build the tuberculosis hospital at Waverly
Hill, in Jefferson county, Kentucky. Jacob C. Meyer
was a sub-contractor under him, and was employed to
do the plumbing work at said hospital. Meyer pur-
chased of Laib & Company plumbing supplies for use in
said building amounting to more than $592, and with a
view of collecting their said debt against Meyer, or
securing same, Laib & Company called upon Markham,
the contractor, and ascertained that he was indebted to
Meyer in the sum of $592. As a result of a conference
between them the following contract was entered into
between Laib & Company and Markham & Company,
to-wit:

"February 26, 1910.

"This is to certify that we hold, subject to payment
to your company, the sum of $592.00 (five hundred and
ninety-two dollars), balance of monies due J. C. Meyer,
plumber, on his contract with us at Tuberculosis Hos-
pital, Waverly Hill, Jefferson County, Ky. The pay-

ment of this order and surrender of same by said Laib Co. it is further understood releases their right toward asserting a mechanic's lien against said building.

"(Signed) LAIB CO., by PHIL LAIB.

"(Signed) A. MARKHAM & CO. by A. MARKHAM."

Following the execution of this agreement, and on account of it, Laib & Company did not assert a materialman's lien upon said building, and the money referred to in the writing being unpaid, they brought suit against Markham & Company and sought to compel the pay- ·· 'y said company to them of the amount specified in said agreement, to-wit, $592. Both a general and a special demurrer were filed to the petition; whereupon the plaintiff filed an amended petition, in which he alleged that Meyer was informed of the execution and delivery of the agreement between plaintiff and defendant, and agreed that he would assert no interest or ownership in and to the $592 referred to in the agreement. Plaintiff further pleaded that it relied upon the agreement as a protection to it for the sum named therein, and but for the execution of said agreement on the part of Markham & Company it would have taken steps to have protected itself by suit against Meyer. A demurrer was sustained to the petition as amended, the trial court being of opinion that Meyer was a necessary party to the litigation. Plaintiff declining to amend or plead further, the petition was dismissed. Hence, this appeal.

It is insisted for appellant, first, that the execution of the writing, supra, is a complete novation, that by it Markham & Company became bound for the payment of this money rather than Meyer; and second, since by reason of the execution and delivery of this writing the plaintiffs were prevented from asserting their materialman's lien and making their debt out of Meyer, that, therefore, appellee is estopped from denying its right to this money.

Two things are clearly established by the writing itself: First, that Markham & Company recognized the validity of appellant's debt against Meyer to the extent of $592, and that they were owing this amount of money to Meyer for plumbing work done upon the building which they were erecting; and, second, that the right existed in appellant at that time to assert a materialman's lien upon the building for the value of the ma-

terial furnished Meyer by it. Appellants had a right to look to the property as security for its debt to the extent of supplies furnished Meyer that went into the building. Appellee, recognizing this right, provided in the agreement that no mechanic's lien should be asserted against the building upon the payment of the amount of money which it admitted remained in its hands due Meyer and subject to appellant's lien. Having by its conduct induced appellant to refrain from proceeding against Meyer or asserting its lien upon the building, appellee will not now be permitted to deny appellant's right to this money. The demurrer to the amended petition admits that Meyer was advised of the execution of the agreement and had consented thereto and expressly waived any right to this money. It certainly did not belong to appellee, and Meyer, having consented to the agreement entered into between appellant and appellee, appellant was entitled to have the money paid over to it. Meyer was not a necessary party so far as appellant was concerned, and if appellee believed that he was a necessary party and desired that he should be made such before paying over the money, it might have on its motion asked that he be made such party. But there is nothing in the agreement entered into between appellant and appellee requiring that Meyer should be made a party. A fair construction of this agreement is that, in consideration of appellant's obligating itself not to file a mechanic's lien against the building, appellee would pay to appellant $592 on account of the indebtedness of Meyer to appellant. Such an arrangement was obviously to the advantage of appellee, for had appellant asserted his mechanic's lien against the property and sought to enforce its collection by suit, appellee would necessarily have been put to considerable cost and expense on account thereof. It would not have been necessary, in the enforcement of his mechanic's lien, to have made Meyer a party at all. He could have proceeded against the property itself, and upon establishing the fact that he had furnished to the sub-contractor Meyer material that had gone into the building and for which he had not been paid, to the amount of $592, the court would have directed the building sold in satisfaction thereof, unless the same had been paid by the contractor Markham. As stated, in order to prevent appellant from proceeding against the property itself, the agreement set up in the

pleadings here was entered into. Good faith and fair dealing between the parties required that appellee should have paid this debt. The agreement was not bottomed upon an assignment or promise to secure an assignment by Meyer to appellant, but was entered into for the benefit and protection of appellee, by preventing a mechanic's lien being asserted against the property. While Meyer was primarily liable to appellant for the supplies purchased by him, appellee recognized that, inasmuch as these supplies were used in the building which it had under process of erection, it was primarily responsible for the payment of this debt, and hence the execution of the agreement sued on had the effect to substitute appellee for Meyer so far as appellant was concerned. And inasmuch as appellant, after the execution of this agreement, was no longer required to look to Meyer for the payment of its debt, Meyer was not a necessary party to the litigation so far as appellant was concerned. This is especially true when viewed in the light of the facts disclosed by the amended petition, which appellee admits to be true.

The court erred in sustaining the demurrer to the petition. Judgment reversed and cause remanded for further proceedings consistent herewith.